Law Library

## IN THE SUPERIOR COURT OF GUAM

TUDOR CONSTRUCTION CO., INC., and )      **CIVIL CASE NO. CV0513-12**
PHILIP C. AHN, )
     )
         Plaintiffs, )
     )      **DECISION AND ORDER**
     vs. )
     )
CORE TECH INTERNATIONAL )
CORPORATION and FIDELITY AND )
DEPOSIT COMPANY OF MARYLAND, )
     )
         Defendants. )
     )

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant Core Tech International Corporation's cross-motion for partial summary judgment and Defendant Fidelity and Deposit Company of Maryland's motion for summary judgment on Plaintiff's supplemental complaint of bad faith, filed September 27, 2013. The final brief by the parties regarding this motion was filed October 21, 2013, and the Court took the matter under advisement thereafter. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On May 3, 2012, Plaintiff filed a complaint to allege nonpayment for work completed in two construction projects as a subcontractor to Defendant Core Tech International Corporation (hereinafter "CTI"), where one project was guaranteed by a payment bond executed with Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity"). Plaintiff alleges that CTI owes $103,525.15 plus interest for its work on the first project for the U.S. Navy (hereinafter "Navy project"). (Complaint, 2, May 3, 2012). Plaintiff also alleges that CTI owes $232,502.49 plus interest for its work on the second project for the Guam Waterworks

Authority (hereinafter "GWA project'). *Id.* at 2-3. The amount owed for work completed on the GWA project is fully insured by Fidelity's payment bond pursuant to 5 GCA § 5304. *Id.*

On November 7, 2012, Plaintiff moved to supplement its complaint with an additional claim that Fidelity has refused to pay undisputed debts in violation of a surety's good faith duty to process claims. Plaintiff's proposed supplemental complaint alleges that the parties agreed upon undisputed amounts of liability in August 2012 but that Fidelity withheld payment in bad faith and caused further damages related to creditor claims, and the emotional distress and hospitalization of Plaintiff's President. (Mot. to Add Supplemental Claims, 5-6, Nov. 7, 2012).

On January 23, 2013, CTI and Fidelity moved to amend their answers to allege a set-off defense and a breach of contract counterclaim for the GWA project. Plaintiff argues that paragraphs nine and ten of the counterclaim do not state plausible claims for relief and are therefore futile or alleged in bad faith. The proposed amended answers also deny the prior admission that $232,502.49 plus interest is owed to Plaintiff for the GWA project. Defendants assert that the prior admission was made in error and Plaintiff objects that the correction is made in bad faith and with delay that shall cause prejudice.

On April 16, 2013, the Court issued a Decision & Order granting Tudor's motion to amend the complaint in part, but denied Tudor's motion to supplement a claim for emotional distress damages. (Dec. & Order, April 16, 2013). The Court also granted CTI's motion to amend their answer. *Id.*

On August 30, 2013, Tudor filed a motion for partial summary judgment on three separate grounds: (1) there is no question of material fact that there is an undisputed amount presently due and owing to Tudor from Defendants on the GWA project; (2) CTI is not entitled to $75,940.41 in remediation costs as a matter of law regarding its counterclaim; and (3) Tudor is entitled to the amount of $103,1525.13 plus interest for Tudor's extra work performed at CTI's request on the Navy project. (Mot. Partial Summ. J., 1-2, Aug. 30, 2013). In opposition, CTI and Fidelity argue that: (1) under Guam law, an obligee of a surety agreement may not recover in tort for a surety's bad faith, and thus Tudor has failed to state a claim for relief against Fidelity for bad faith; (2) the undisputed amount allegedly owed to Tudor is in dispute

and the construction subcontract authorized CTI to set-off all of the amounts asserted in its counterclaim, which amounts exceed any amounts allegedly owed to Tudor; and (3) there are genuine issues of material fact relating to the Navy project. (CTI's Opp'n. Mot., Sept. 27, 2013); (Fidelity's Opp'n. Mot., Sept. 27, 2013).

On September 27, 2013, CTI filed a cross-motion for partial summary judgment arguing that: (1) the subcontract between Plaintiff and CTI on the GWA project authorizes set-off of the amounts claimed by CTI in its counterclaim; (2) there are no disputed issues of fact that CTI is owed the damages sought in its counterclaim; and (3) after deducting the amounts owed to CTI, Plaintiff owes CTI. (CTI's Partial Mot. Summ. J., 6-13, Sept. 27, 2013). On the same date, Fidelity filed a motion for summary judgment on Plaintiff's supplemental complaint of bad faith asserting that a cause of action for "surety bad faith" should not be recognized. (Fidelity's Mot. Summ. J., 8-19, Sept. 27, 2013).

## DISCUSSION

### I. Summary Judgment Standard

Guam Civil Procedure Rule 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c) (2010). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

## II. Damages Resulting from the GWA Project

On January 14, 2014, the Court issued a Decision and Order denying Plaintiff's partial motion for summary judgment. One of the grounds for Plaintiff's motion was the alleged undisputed amount of damages owed by CTI to Plaintiff relating to the GWA project. After considering the differing damage awards calculated by Plaintiff and CTI, the Court found that a genuine dispute exists as to the amount of damage award and the aggrieved party, and denied the motion for summary judgment as to that ground. (Dec. & Order, 5, Jan. 14, 2013). Having already determined that a genuine dispute exists as to the damages resulting from the GWA project, the Court is unable to grant CTI's partial motion for summary judgment as to the counterclaim. The present motion strongly mirrors the arguments made by CTI in its opposition to Plaintiff's motion for partial summary judgment filed on September 27, 2013. These arguments were duly considered by this Court in the Decision and Order issued on January 14, 2014.

## III. Bad Faith Claim Against Surety

Under Guam law, all parties involved in the negotiation, performance, or administration of territorial contracts are required to act in good faith. 5 GCA § 5003. Fidelity argues there is no basis for Tudor's bad faith claim because a bad faith claim against a surety is not legally recognized in Guam and California precedent dictates that bad faith claims against a surety shall not be recognized. (Fidelity's Mot. Summ. J., 12-14, Sept. 27, 2013). In the Decision and

Order issued on January 14, 2014, the Court denied Tudor's motion for summary judgment as to the bad faith claim due to the lack of sufficient facts on the issue. (Dec. & Order, 5-6, Jan. 24, 2014). However, the Court finds that a claim of bad faith against a surety is not precluded as a matter of law.

A surety is "one who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor." 18 GCA § 32101 (2005). The statutes relating to sureties are derived from the California Civil Code and are substantially similar in their language. *Compare* 18 GCA § 32101 *et seq.* (2005) *with* CAL. CIV. CODE § 2787 *et seq.* (West 2013). The Supreme Court of Guam has recognized that "when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction." *Sumitomo Const., Co. Ltd. v. Zheng Ye, Inc.*, 1997 Guam 8 ¶ 7. Therefore, California case law construing the parallel code provision is persuasive. *See Torres v. Torres*, 2005 Guam 22 ¶ 33. However, other Guam statutes overcome this presumption.

In *Cates Constr. Inc. v. Talbot Partners*, the California Supreme Court considered the question of whether the exceptional approach reserved for breaches in the insurance policy setting, which allow tort recovery against insurers for bad faith, should be extended to breaches in the context of a surety bond to assure performance on a construction contract. *Cates Constr. Inc. v. Talbot Partners*, 980 P.3d 407, 418 (Cal. 1999). Distinguishing suretyship from insurance, the California Supreme Court reasoned that the policy considerations of allowing tort recovery for bad faith in the insurance policy setting are inapplicable in suretyships. *Id.* at 421-26. Unlike the insurance policy setting, obligees in suretyships have "ample power to protect their interests through negotiation, and sureties, for the most part, are deterred from acting unreasonably by the threat of stiff statutory and administrative sanctions and penalties, including license suspension and revocation." *Id.* at 427. Accordingly, the California Supreme Court held that tort recovery is not permissible for a breach of the implied covenant of good faith and fair dealing in the context of a construction performance bond. *Id.* In so holding, the

California Supreme Court expressly rejected the approach of courts in other jurisdictions which allow tort recovery in this context, finding that "they fail to give appropriate consideration to the material differences between insurance policies and performance bonds and the differing relations between the parties thereto... [and] many of the decisions place undue emphasis upon statutes regulating suretyship as a class of insurance." *Id.*

Regardless, the rationale behind the holding in *Cates* is inapplicable to Guam, since sureties here do not face the same "stiff statutory and administrative sanctions and penalties, including license suspension and revocation" which Guam law lacks. Moreover, *Cates* is inapplicable because, unlike in that case, the Guam Legislature has in fact classified suretyship as a type of insurance at 22 GCA § 18106. 22 GCA § 18106 (2005). Therefore, the subsequent case law treatment by the source jurisdiction for 18 GCA § 32101 *et seq.* regarding this issue is inapposite.

This Court is persuaded by the reasoning and legal authority employed by Judge Bordallo in *GHURA v. Murphy Enterprises, et al.*, CV2642-99, at 2-4 (Super. Ct. Guam Aug. 20, 2001). Accordingly, the Court finds that tort recovery is indeed permissible for a breach of the implied covenant of good faith and fair dealing in the context of a construction performance bond. For this reason, summary judgment as moved for by Fidelity on this claim is denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Core Tech International Corporation's cross-motion for partial summary judgment is hereby DENIED. Defendant Fidelity and Deposit Company of Maryland's motion for summary judgment on Plaintiff's supplemental complaint of bad faith is hereby DENIED.

This matter is set for further proceedings on February 5, 2014, at 9:00 a.m.

**SO ORDERED this _29TH_ day of January, 2014.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JAN 2 9 2014

Norgan F.P.Quinata
Deputy Court Clerk, Superior Court of Guam